EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/21/2020 08:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:21-cv-03055-MWF-MAA    Document 1-1    Filed 04/08/21    Page 2 of 30    Page ID #:16

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CORE-MARK INTERNATIONAL, INC., a Delaware Corporation, KENY HERNANDEZ, an individual, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA ENCISO TRINIDAD, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*

20STCV32008

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan P. LaCour, Employees First Labor Law, 65 N. Raymond Ave., Suite 260, Pasadena, CA 91103, (310) 853-3461

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* August 21, 2020 | Sherri R. Carter Executive Officer / Clerk of Court | *(Secretario)* R. Perez | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | Clear this form |

Electronically FILED by Superior Court of California, County of Los Angeles on 08/21/2020 02:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:21-cv-03055-MWF-MAA   Document 1-2   Filed 04/08/21   Page 3 of 30   Page ID #:17
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
**EMPLOYEES FIRST LABOR LAW P.C.**
65 N. Raymond Avenue, Suite 260
Pasadena, California 91103
Telephone:     (310) 853-3461
Facsimile:      (949) 743-5442
Email:          jonathanl@pierrelacour.com
                lisan@pierrelacour.com

Attorneys for Plaintiff, MARIA ENCISO TRINIDAD

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| MARIA ENCISO TRINIDAD, an individual<br><br>Plaintiff,<br><br>v.<br><br>CORE-MARK INTERNATIONAL, INC., a Delaware Corporation, KENY HERNANDEZ, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   20STCV32008<br><br>**COMPLAINT FOR:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF GOVT CODE §12940(a);**<br>2. **FEHA VIOLATIONS BASED UPON AGE DISCRIMINATION (CAL. GOV. CODE § 12940(a);**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>4. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;**<br>5. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;**<br>6. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT; AND**<br>7. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

**EMPLOYEES FIRST LABOR LAW**
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
TRINIDAD V. CORE-MARK INTERNATIONAL, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

**COMES NOW PLAINTIFF,** MARIA ENCISO TRINIDAD**,** for causes of action against Defendants and each of them, allege as follows:

### JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

### THE PARTIES

### PLAINTIFF MARIA ENCISO TRINIDAD

2.      Plaintiff, MARIA ENCISO TRINIDAD, (hereinafter referred to as "Plaintiff") is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

### DEFENDANT CORE-MARK INTERNATIONAL, INC.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CORE-MARK INTERNATIONAL, INC. (hereinafter referred to as "Core-Mark") was and is a Delaware corporation doing business at 2311 E 48th Street, Vernon 90058, in the County of Los Angeles, State of California.

### DEFENDANT KENY HERNANDEZ

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant KENY HERNANDEZ (hereinafter referred to as "Mr. Hernandez") was an is an individual residing in the County of Los Angeles, State of California, with his principal place of business located therein.

5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Mr. Hernandez was Plaintiff's employer, manager, corporate agent, and/or supervisor. Specifically, Plaintiff is informed and believes, and based thereupon alleges, that Mr. Hernandez dictated Plaintiff's compensation and had plenary abilities to supervise, manage, hire, and fire, and did participate in the hiring and firing of Plaintiff. Mr. Hernandez exercised control and management of the work performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to perform. Mr. Hernandez had the ability to ensure Plaintiff was properly

compensated and allotted meal breaks, rest periods, and other provisions issued to employees. Furthermore, Plaintiff was of the belief that Mr. Hernandez was also her employer.

6.     On information and belief, Mr. Hernandez was the primary, if not the sole, decision maker and author of Defendants' corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the <u>Labor Code</u> and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable <u>Labor Code</u> sections and orders of the Industrial Welfare Commission.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a merchandise distributing company and availed themselves of the rights and privileges of the State of California.

8.     Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

10.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer,

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-3-

alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

11.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

12.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants has ceased to exist.

14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.     Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-4-

c.      Plaintiff is informed and believes that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15.      Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of its separate corporate existence must be disregarded.

16.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants, and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17.      Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for

-5-

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**TRINIDAD V. CORE-MARK INTERNATIONAL, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

18.     Plaintiff began working for Defendants on or about February of 2019 as a merchandiser at a base rate pay of $14.00 per hour. Further into Plaintiff's employment, Defendants increased Plaintiff's rate of pay to $14.67 per hour.

19.     Plaintiff's job duties included driving to different gas stations and community colleges throughout Southern California and refilling merchandise such as snacks, chips, and energy bars at each location.

20.     Merchandisers, like Plaintiff, were assigned anywhere between five to seven locations per day to service. These locations were all throughout Southern California, and Defendants did not guarantee that the locations would be within reasonable distance to each other.

21.     Therefore, on occasion due to traffic and long commutes, employees were unable to finish their routes and service all of their assigned locations before the end of their shift.

22.     Defendants employed about 15 merchandisers that worked with Plaintiff, and out of those, approximately seven employees were over the age of 40.

23.     During her employment, Plaintiff routinely suffered from a company practice of discriminatory treatment at Defendants in which older employees were treated negatively if they were unable to finish their routes, but younger employees were not.

24.     Indeed, if a younger employee were unable to finish his or her route, Defendants would not bring attention to the younger employee or discipline the younger employee. Overall, Defendants expressed that it was not an issue whatsoever when a younger employee failed to finish his or her route.

25.     However, if an older employee, such as Plaintiff, were unable to finish his or her route, Defendants would berate the older employee and discipline that employee for his or her work progress. This is despite the fact that Defendants made it apparent that it was generally a nonissue for an employee to fail to finish his or her route within a single day.

26.     Defendants simply engaged in this unfounded hostility precisely because of the respective employee's age.

27.     Defendants' hostile attitude toward older employees transcended all facets of Defendants' employment environment.

28.     For instance, commonly, Defendants would imply or communicate to older employees that Defendants believed the older employees' inability to finish their route was due to their age, not the long commute or distance between the assigned locations.

29.     Additionally, Defendants consistently made condescending remarks and blatantly berated older employees because of their age. For example, on multiple occasions Plaintiff witnessed Defendants confront Defendants' oldest employee about his work pace, and if he responded he was moving as fast as possible, Defendants callously responded "Okay Grandpa."

30.     Plaintiff likewise experienced being the target of Defendants' rude remarks due to her age, where she was berated for her speed and not completing the same type of route that other younger employees failed to complete without issue.

31.     Plaintiff made complaints throughout her employment that she was doing the best that she could to complete her route, and that the assigned locations were plainly too far away for anyone to drive between in one day, regardless of age.

32.     She further protested regarding Defendants' name calling of their older employees and general antagonistic attitude towards her self and her fellow employees over the age of 40.

33.     On or about April 17, 2020, Defendants commenced a company-wide lay off. On this date, Defendants wrongfully terminated Plaintiff from her employment due to her age and her complaints regarding her discriminatory treatment on this same basis.

34.     During this lay off period, Defendants solely terminated their employees over the age of 40. In fact, out of the seven people that were terminated in the same position as Plaintiff, all seven individuals were over the age of 40.

35.     There was not a single employee under the age of 40 at Defendants who Defendants terminated from at that time, despite the fact that Defendants had numerous employees under the age of 40.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

36.    Prior to her wrongful termination, Plaintiff performed all of her job duties satisfactorily.

37.    As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code § 17200, et seq.

38.    Plaintiff's termination was substantially motivated by Plaintiff's age and/or engagement in protected activities.

39.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

40.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, physical injury related to emotional distress, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

41.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

42.    Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

43.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that

-8-

1
2

punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

3
4
5

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF FEHA**
**GOVERNMENT CODE § 12940 ET SEQ.**
**AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS**

6
7

44.     Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

8
9
10

45.     Defendant Core-Mark, and DOE Defendants, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

11
12
13
14
15
16

46.     California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…age…is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…age…to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

17
18
19

47.      At all relevant times, Plaintiff was a member of a protected class within the meaning of California Government Code §§ 12926(b), 12940(a), *et seq.* because of her age, as defined under Government Code § 12926 *et. seq.*

20
21
22
23

48.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's age was a substantial motivating factor for Plaintiff's termination of employment, discharge from employment, and/or discrimination as to the terms, conditions, and privileges of Plaintiff's employment, in violation of Government Code §§ 12940 et seq.

24
25
26
27

49.     Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). On August 19, 2020 Plaintiff received her "Right-to-Sue" Letter from the California Department of Fair Employment and Housing. Attached hereto as EXHIBIT 1 is a true and correct copy of the referenced "Right-to-Sue" Letter that Plaintiff received.

28

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

50.      As a direct, foreseeable, and proximate result of the conduct of Defendants, as alleged herein, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

51.      As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation, and physical injury related to emotional distress, in an amount to be proven at the time of trial.

52.      The acts and conduct of Defendants constitute "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that it was intended by Defendants to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff.

53.      The acts of Defendants were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the business. The actions and conduct of Defendants were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, with the intention of Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

54.      Plaintiff is also entitled to costs and reasonable attorneys' fees pursuant to Government Code § 12965(b) as a result of Defendants' wrongful conduct.

**SECOND CAUSE OF ACTION**
**FEHA VIOLATIONS BASED UPON AGE DISCRIMINATION**
**(CAL. GOV. CODE § 12940(A), ET SEQ.)**
**AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS**

55.      Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

56.      At all times relevant to this action, Plaintiff was employed by Defendants.

57.      At all times relevant to this action, Plaintiff was an individual over the age of 40.

58.     At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of Cal. Gov. Code §12926(d).

59.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of Cal. Gov. Code §§ 12940(a), 12926(b) because of her age.

60.     At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff, as previously alleged, on the basis of her age by refusing to hire or employ Plaintiff.

61.     Defendants were substantially motivated to refuse to hire or employ Plaintiff because of her age.

62.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

64.     Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

65.     Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS

66.     Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

67.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain from, among other things, discriminating against any employee on the basis of age.

68.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age and/or engagement in protected activity.

69.     Plaintiff believes and thereon alleges that Plaintiff's age, engagement in protected activity with respect to this protected class, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

70.     Such discrimination, resulting in the wrongful termination of Plaintiff's employment on the basis of age, Plaintiff's complaining of discrimination due to this protected class, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

71.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating against Plaintiff and terminating Plaintiff's employment due to Plaintiff's age.

72.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate against any employee in violation of FEHA.

73.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

74.     The damage allegations, as set forth above inclusive, are herein incorporated by reference.

75.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

76.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,**
**BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***
**AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS**

77.     Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

78.     Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of valid California law and specifically Code of Civil Procedure § 1021.5.

79.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

80.     Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

81.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and has engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff, and

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

82.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code § 17200 et seq.</u>

83.     Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code § 17200 et seq.</u>

84.     As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

85.     Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants has unlawfully failed to pay.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION**
**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS**

86.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

87.     At all times relevant to this action, Plaintiff was employed by Defendants.

88.     At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of Cal. Gov. Code § 12926(d).

89.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of Cal. Gov. Code § 12940(a) because of her age.

90.     At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff, as previously alleged, on the basis of her age by terminating her in violation of Cal. Gov. Code § 12940(a).

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

91.     Defendants were substantially motivated to terminate Plaintiff because of her age.

92.     Defendants failed to take reasonable steps to prevent the unlawful discrimination during Plaintiff's employment, as previously pled, in violation of Cal. Gov. Code § 12940(k), even when management level employees of Defendants became aware of the discriminatory conduct. Instead, Defendants terminated Plaintiff in bad faith.

93.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

94.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

95.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

96.     Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

97.     Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and

authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**SIXTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF THE**
**FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST DEFENDANT CORE-MARK AND ALL DOE DEFENDANTS**

98.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

99.   At all times relevant to this action, Plaintiff was employed by Defendants.

100.   At all times relevant to this action, Cal. Gov. Code §12900 *et seq.* were in full force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to refrain from discriminating and retaliating against any employee on the basis of age, sex, gender, disability and/or medical condition, requests for reasonable accommodations, and opposition to unlawful conduct related thereto.

101.   Defendants engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

102.   Plaintiff's assertion of her rights under Cal. Gov. Code §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendants' decision to retaliate against and terminate her. Defendants' conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

103.   At all times relevant to this action, Defendants unlawfully retaliated against Plaintiff, in violation of Cal. Gov. Code §§ 12940(h), 12940(m)(2), by terminating her.

104.   Defendants' retaliatory termination of Plaintiff's employment was substantially motivated by her age and opposition to Defendants' conduct related thereto, as previously pled herein.

105.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

106.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

107.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

108.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

109.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**SEVENTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**
**AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS**

110.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

111.    *Labor Code* §1102.5(a) provides, in relevant part, that "An employer, or any person acting on behalf of the employer, shall not make adopt, or enforce any...rule...or policy preventing an employee from disclosing information...to a person with authority over the employer, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance...if the

-17-

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

112.   *Labor Code* §1102.5(b), states, "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

113.   Furthermore, under *Labor Code* §1102.5(c) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Labor Code section 1102.5(d) states, (d) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

114.   Defendants unlawfully retaliated against and terminated Plaintiff in retaliation for Plaintiff's complaint of her reasonable belief that Defendants were acting in violation of the FEHA.

115.   Plaintiff had reasonable cause to believe that the above disclosures all involved violations of California law.

116.   The statutes previously mentioned evince a public policy that benefits society at large, were well established at the time of Plaintiff's termination, and are substantial and fundamental.

117.   Plaintiff's assertion of her rights under *Labor Code* § 1102.5 was a substantial motivating reason for Defendants' decision to terminate Plaintiff.

118.   Defendants' conduct was a substantial factor in causing harm to Plaintiff as previously pled herein.

-18-

119.    As a direct and proximate result of Defendants' conduct, Plaintiff has lost and continues to lose wages and work benefits caused by her termination.

120.    Furthermore, Defendants are liable in civil penalties up to the statutory maximum of $10,000 for each violation of *Labor Code* § 1102.5(f), according to proof at trial. Plaintiff is also entitled to recover any and all damages resulting from Defendants' violations pursuant to *Labor Code* § 1102.5.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**EMPLOYEES FIRST LABOR LAW**
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**TRINIDAD V. CORE-MARK INTERNATIONAL, INC., ET AL.**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in her favor and against Defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2. For payment of all statutory obligations and penalties as required by law;

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

5. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

6. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

8. For post-judgment interest; and

9. For any other relief that is just and proper.


DATED:  August 21, 2020                    **EMPLOYEES FIRST LABOR LAW**


By: _____
Jonathan P. LaCour, Esq.
Attorneys for Plaintiff
MARIA ENCISO TRINIDAD

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  August 21, 2020

**EMPLOYEES FIRST LABOR LAW**

By:  _____
Jonathan P. LaCour, Esq.
Attorneys for Plaintiff
MARIA ENCISO TRINIDAD

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**TRINIDAD V. CORE-MARK INTERNATIONAL, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EMPLOYEES FIRST LABOR LAW**
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 19, 2020

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202008-11011019
Right to Sue: Trinidad / Core-Mark International, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 19, 2020

Maria Trinidad
65 N Raymond Ave, Ste 260
Pasadena, California 91103

RE:    **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202008-11011019
        Right to Sue: Trinidad / Core-Mark International, Inc. et al.

Dear Maria Trinidad,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
19, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Maria Trinidad                                                              DFEH No. 202008-11011019

Complainant,

vs.

Core-Mark International, Inc.
2311 E. 48th Street
Vernon, California 90058

Keny Hernandez
2311 E. 48th Street
Vernon, California 90058

Respondents

_____

1. Respondent **Core-Mark International, Inc.**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Keny Hernandez** as individual Co-Respondent(s).

3. Complainant **Maria Trinidad**, resides in the City of **Pasadena** State of **California.**

4. Complainant alleges that on or about **April 17, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over).

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated, laid off, denied any employment benefit or privilege.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, laid off,

-1-
*Complaint – DFEH No. 202008-11011019*

Date Filed: August 19, 2020

denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff began working for Defendants on or about February of 2019 as a merchandiser at a base rate pay of $14.00 per hour. Further into Plaintiff's employment, Defendants increased Plaintiff's rate of pay to $14.67 per hour.

Plaintiff's job duties included driving to different gas stations and community colleges throughout Southern California and refilling merchandise such as snacks, chips, and energy bars at each location.

Merchandisers, like Plaintiff, were assigned anywhere between five to seven locations per day to service. These locations were all throughout Southern California, and Defendants did not guarantee that the locations would be within reasonable distance to each other.

Therefore, on occasion due to traffic and long commutes, employees were unable to finish their routes and service all of their assigned locations before the end of their shift.

Defendants employed about 15 merchandisers that worked with Plaintiff, and out of those, approximately seven employees were over the age of 40.

During her employment, Plaintiff routinely suffered from a company practice of discriminatory treatment at Defendants in which older employees were treated negatively if they were unable to finish their routes, but younger employees were not.

Indeed, if a younger employee were unable to finish his or her route, Defendants would not bring attention to the younger employee or discipline the younger employee. Overall, Defendants expressed that it was not an issue whatsoever when a younger employee failed to finish his or her route.

However, if an older employee, such as Plaintiff, were unable to finish his or her route, Defendants would berate the older employee and discipline that employee for his or her work progress. This is despite the fact that Defendants made it apparent that it was generally a nonissue for an employee to fail to finish his or her route within a single day.

Defendants simply engaged in this unfounded hostility precisely because of the respective employee's age.

Defendants' hostile attitude toward older employees transcended all facets of Defendants' employment environment.

For instance, commonly, Defendants would imply or communicate to older employees that Defendants believed the older employees' inability to finish their route was due to their age, not the long commute or distance between the assigned locations.

Additionally, Defendants consistently made condescending remarks and blatantly berated older employees because of their age. For example, on multiple occasions

-2-

*Complaint – DFEH No. 202008-11011019*

Date Filed: August 19, 2020

Plaintiff witnessed Defendants confront Defendants' oldest employee about his work pace, and if he responded he was moving as fast as possible, Defendants callously responded "Okay Grandpa."

Plaintiff likewise experienced being the target of Defendants' rude remarks due to her age, where she was berated for her speed and not completing the same type of route that other younger employees failed to complete without issue.

Plaintiff made complaints throughout her employment that she was doing the best that she could to complete her route, and that the assigned locations were plainly too far away for anyone to drive between in one day, regardless of age.

She further protested regarding Defendants' name calling of their older employees and general antagonistic attitude towards her self and her fellow employees over the age of 40.

On or about April 17, 2020, Defendants commenced a company-wide lay off. On this date, Defendants wrongfully terminated Plaintiff from her employment due to her age and her complaints regarding her discriminatory treatment on this same basis.

During this lay off period, Defendants solely terminated their employees over the age of 40. In fact, out of the seven people that were terminated in the same position as Plaintiff, all seven individuals were over the age of 40.

There was not a single employee under the age of 40 at Defendants who Defendants terminated from at that time, despite the fact that Defendants had numerous employees under the age of 40.

Prior to her wrongful termination, Plaintiff performed all of her job duties satisfactorily.

As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the Unfair Competition Law, Business and Professions Code § 17200, et seq.

Plaintiff's termination was substantially motivated by Plaintiff's age and/or engagement in protected activities.

Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

Date Filed: August 19, 2020

1  VERIFICATION

2  I, **Jonathan P. LaCour, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On August 19, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                **Pasadena, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -4-
                              *Complaint – DFEH No. 202008-11011019*
28
   Date Filed: August 19, 2020